IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE HANEY,                               No. CIV S-10-3319-JAM-CMK-P

      Plaintiff,

  vs.                                          ORDER

BAKER,[1]

      Defendant.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 16). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

/ / /

---

[1] Plaintiff named Kimzey in the original complaint. Because Kimzey is no longer named in the amended complaint, the Clerk of the Court will be directed to terminate this individual as a defendant to this action.

1

Plaintiff names Baker as the only defendant.  In summary, plaintiff claims that defendant Baker "forced me to move in a cell with inmate Latimore and afterwards he assaulted by him on 8-17-09."  According to plaintiff, the day before the assault on August 17, 2009, plaintiff had been called to the program office where he was told by Baker that he would be moved to a cell with inmate Latimore.  Baker refused plaintiff's request to be moved to a cell with a "friend that would be compatible. . . ."  Plaintiff claims that, prior to the cell move, other inmates had warned him not to bunk with Latimore "because he was in the institution's mental health program and engaged in numerous cell fights with several of his previous cellmates."

Plaintiff asserts that, immediately after moving in with Latimore on August 16th, plaintiff "noticed that Latimore was acting very weird by talking very loud and staring at me for long period of time without saying anything."  Plaintiff feared that Latimore would be unpredictable.  According to plaintiff, Latimore was aggressive, telling him in a veiled threat that he had better have the lights off by 10:00 p.m.  The next morning, plaintiff asked Latimore "calmly and respectfully" if he would move his feet away from plaintiff's face while he (Latimore) was on the top bunk.  In response, Latimore became belligerent and kicked plaintiff in the face.  Latimore then grabbed plaintiff and "bit a chunk of flesh out of my hand like a cannibal."

Regarding Baker's knowledge of the potential danger posed by Latimore, plaintiff asserts that "Defendant Baker clearly knew that inmate Latimore was a mentally ill inmate who previously assaulted his prior cellmates. . . ."  According to plaintiff, defendant Baker knew prior to the assault that Latimore was enrolled in the prison's mental health program.  He adds that, given Latimore's mental illness, Baker must have realized that there would be a "strong possibility" of injury to any inmate ordered to share a cell with Latimore.  Plaintiff claims that defendant Baker is liable for his injuries, arguing that "[i]f plaintiff had not been forced to move in the cell with inmate Latimore by Defendant J. Baker on 8-16-09, plaintiff would never had been assaulted by inmate Latimore on 8-17-09."

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate. A review of the docket reflects that defendant Baker has been served with the summons and original complaint and generally appeared in the action by way of a motion to dismiss the original complaint filed on May 23, 2011.[2] Defendant Baker will be directed to file a response to the amended complaint. Defendant is cautioned that failure to comply may result in the imposition of appropriate sanctions. <u>See</u> Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint is appropriate for service;

2. Defendant Baker shall file a response to the amended complaint within 30 days of the date of this order;

3. The Clerk of the Court is directed to update the docket to terminate Kimzey as a defendant to this action, which proceeds as against defendant Baker only; and

4. The Clerk of the Court is further directed to serve on defendant Baker a copy of the amended complaint filed on July 9, 2011, along with this order.

DATED: August 10, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] That motion was disregarded in light of the filing of the superceding amended complaint.