IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE HANEY,                                              No. 2:10-CV-3319-JAM-CMK-P

      Plaintiff,

   vs.                                                              ORDER

BAKER,

      Defendant.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel production of documents (Docs. 25 and 27).[1]

/ / /

/ / /

---

[1] In Doc. 27, plaintiff seeks an order directing the issuance of a subpoena under Federal Rule of Civil Procedure 44 for the production of the same documents at issue in plaintiff's motion to compel at Doc. 25. If plaintiff is entitled to an order compelling production of documents, he will not require a court-issued subpoena. If plaintiff is not entitled to the documents he seeks in his motion to compel, then he would not be entitled to seek the same documents by way of subpoena. Thus, the issue in both motions is the same and will be analyzed as if presented in a single motion.

1

Case 2:10-cv-03319-JAM -CMK   Document 28   Filed 06/26/12   Page 2 of 3

Plaintiff claims, among other things, that defendant Baker ordered plaintiff housed with an inmate Baker knew to be dangerous and that, as a result, plaintiff was attacked and injured by this inmate. Plaintiff asserts that Baker violated his rights under the Eighth Amendment on a failure-to-protect theory. In his request for production of documents, Request No. 4, plaintiff asks defendant Baker to produce his complete personnel file. Baker objected on the grounds that the information sought is protected by the official records privilege given that his personnel file contains names of family members, Baker's social security number, and Baker's home address, among other things.

In his motion to compel, plaintiff complains that defendant Baker's response is inadequate because he failed to include a declaration from the prison's custodian of records describing the records at issue, in violation of Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). After defendant's counsel reviewed plaintiff's motion, he served a supplemental response on behalf of Baker, this time including the required declaration. Plaintiff continues to request Baker's personnel file, and Baker continues to object.

The court agrees with defendant that plaintiff is not entitled to the requested personnel file for at least two reasons. First, the information sought is not relevant or reasonably calculated to lead to the discovery of relevant evidence. In his motion to compel, plaintiff makes clear that he seeks Baker's personnel file in order to determine whether there is "a pattern of repeated complaints by prisoners against the Defendant." Plaintiff is precluded, however, from offering extrinsic character evidence to argue that a party acted in conformity with such character. See Fed. R. Evid. 608(b). Moreover, as indicated in defendant Baker's supplemental response, any staff misconduct complaints or disciplinary history concerning Baker would not be contained in his personnel file. Second, the requested information is protected by the official records privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1991). The court agrees with defendant that these official records must remain privileged due to concerns of institutional security and the safety of Baker and his family.

2

1  Plaintiff cites <u>Miller v. Pancucci</u>, 141 F.R.D. 292 (C.D. Cal. 1992), for the
2 proposition that the official records cannot be invoked where the responding party does not
3 include the declaration required under <u>Kelly</u>.  Defendant Baker's supplemental response,
4 however, cures that defect.  The court finds that defendant Baker's supplemental response was
5 sufficient.
6  Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel
7 (Docs. 25 and 27) are denied.

 DATED:  June 25, 2012

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE