1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MONTE HANEY,                          No. 2:10-CV-3319-JAM-CMK-P

12              Plaintiff,

13        vs.                              FINDINGS AND RECOMMENDATIONS

14   BAKER,

15              Defendant.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss (Doc. 23).

19

20                      I.  PLAINTIFF'S ALLEGATIONS

21              Plaintiff names Baker as the only defendant.  In summary, plaintiff claims that

22   defendant Baker "forced me to move in a cell with inmate Latimore and afterwards be assaulted

23   by him on 8-17-09."  According to plaintiff, the day before the assault on August 17, 2009,

24   plaintiff had been called to the program office where he was told by Baker that he would be

25   moved to a cell with inmate Latimore.  Baker refused plaintiff's request to be moved to a cell

26   with a "friend that would be compatible. . . ."  Plaintiff claims that, prior to the cell move, other

inmates had warned him note to bunk with Latimore "because he was in the institution's mental health program and engaged in numerous cell fights with several of his previous cellmates."

Plaintiff asserts that, immediately after moving in with Latimore on August 16th, plaintiff "noticed that Latimore was acting very weird by talking very loud and staring at me for long period of time without saying anything." Plaintiff feared that Latimore would be unpredictable. According to plaintiff, Latimore was aggressive, telling him in a veiled threat that he had better have the lights off by 10:00 p.m. The next morning, plaintiff asked Latimore "calmly and respectfully" if he would move his feet away from plaintiff's face while he (Latimore) was on the top bunk. In response, Latimore became belligerent and kicked plaintiff in the face. Latimore then grabbed plaintiff and "bit a chunk of flesh out of my hand like a cannibal."

Regarding Baker's knowledge of the potential danger posed by Latimore, plaintiff asserts that "Defendant Baker clearly knew that inmate Latimore was a mentally ill inmate who previously assaulted his prior cellmates. . . ." According to plaintiff, defendant Baker knew prior to the assault that Latimore was enrolled in the prison's mental health program. He adds that, given Latimore's mental illness, Baker must have realized that there would be a "strong possibility" of injury to any inmate ordered to share a cell with Latimore. Plaintiff claims that defendant Baker is liable for his injuries, arguing that "[i]f plaintiff had not been forced to move in the cell with inmate Latimore by Defendant J. Baker on 8-16-09, plaintiff would never had been assaulted by inmate Latimore on 8-17-09."

Plaintiff asserts that these facts give rise to the following claims: (1) an Eighth Amendment claim based on Baker's disregard of the known risk posed by inmate Latimore; (2) a procedural due process claim based Baker's failure to obtain the consent and signatures of the affected inmates prior to a cell move; and (3) a pendent state law claim based on emotional distress.

/ / /

## II.  STANDARD FOR MOTION TO DISMISS

1           In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

          Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

1    In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

2  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

3  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

4  documents whose contents are alleged in or attached to the complaint and whose authenticity no

5  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

6  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

7  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

8  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

9  1994).

10    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

11  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

12  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

13

14                               **III.  DISCUSSION**

15    In his motion to dismiss, Defendant Baker argues that plaintiff fails to state either

16  a procedural due process claim or a pendent state law claim for emotional distress.[1]

17    **A.    Procedural Due Process Claim**

18    The court agrees with defendant that plaintiff does not have a constitutionally

19  created due process interest in being housed with a particular inmate, or no other inmate, or in a

20  hearing prior to a cell move or cellmate move.  See Grayson v. Rison, 945 F.2d 1064, 1067 (9th

21  Cir. 1991).  Nor do any such rights arise under state law because no significant consequence

22  atypical to the prison setting is implicated.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).

23  Plaintiff's due process claim should be dismissed with prejudice.

24  / / /

25  ───────────────────

26      [1]    Defendant concedes that this case should proceed on plaintiff's Eighth
   Amendment claim.

1    **B.    Emotional Distress Claim**

2    Defendant argues that plaintiff's emotional distress claim is barred by failure to

3    comply with California's Tort Claims Act requirements for claims against public employees.

4    The court agrees.  Plaintiff's state law claim is governed by California law.  Under California

5    law, compliance with the Tort Claims Act is an element of any tort claim against a public

6    employee.  See State of California v. Super. Ct., 32 Cal.4th 1234 (2004).  California law also

7    requires that such a claim be filed with the Victims Compensation and Government Claims

8    Board ("Board") within six months of the incident giving rise to the claim.  See Cal. Gov't Code

9    §§ 945.4, 945.6.  This limitations period is not tolled by virtue of plaintiff's incarceration.

10   See Moore v. Twomey, 120 Cal.App.4th 910 (2004).  Because plaintiff has not alleged

11   compliance with the state's Tort Claims Act requirements, plaintiff cannot state a cognizable

12   pendent state law claim for emotional distress against Baker, who is a public employee.

13   Plaintiff cites Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995), for the

14   proposition that his emotional distress claim is necessarily valid.  In that case, however, the court

15   merely concluded that the district court should determine on remand whether to retain

16   supplemental jurisdiction over the prisoner's emotional distress claim.   The court did not hold

17   that, under any circumstances, an emotional distress claim is valid.

18   The court concludes that plaintiff's emotional distress claim should be dismissed

19   without leave to amend.  Based on extrinsic evidence submitted with the motion to dismiss,

20   specially the declaration of the custodian of records for the Board, plaintiff did not file any claim

21   relating to the events described in the complaint within six months of those events.[2]  Because it

22

23         [2]    Generally, the court may not consider extrinsic evidence on a motion to dismiss
     under Rule 12(b)(6).  Defendant's argument as to plaintiff's emotional distress claim, however, is
     more similar to an unenumerated motion to dismiss for failure to exhaust non-judicial remedies.

24   The court may consider extrinsic evidence in this context.  See Wyatt v. Terhune, 315 F.3d
     1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial

25   remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at
     1119-20 (citing Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d

26   365 (9th Cir. 1988), in which the court concluded that it was appropriate to consider extrinsic

1  impossible for plaintiff to allege compliance, plaintiff's emotional distress claim should be

2  dismissed without leave to amend (i.e., with prejudice).

3

4                            **IV.  CONCLUSION**

5          Based on the foregoing, the undersigned recommends that:

6          1.      Defendant's motion to dismiss (Doc. 23) be granted;

7          2.      Plaintiff's due process and emotional distress claims be dismissed with

8  prejudice; and

9          3.      This action proceed on plaintiff's Eighth Amendment claim only.

10         These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12 after being served with these findings and recommendations, any party may file written

13 objections with the court.  Responses to objections shall be filed within 14 days after service of

14 objections.  Failure to file objections within the specified time may waive the right to appeal.

15 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  DATED:  June 27, 2012

18                                      _____
                                        **CRAIG M. KELLISON**
19                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23
_____
24 evidence as to whether the plaintiff had exhausted non-judicial remedies by pursuing relief
   through contractual grievance procedures).
25         Plaintiff is hereby notified of his opportunity to present evidence to rebut the
   conclusion that plaintiff cannot allege compliance with the Tort Claims Act by way of objections
26 to these findings and recommendations.

                                        6