IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE HANEY,	No. 2:10-CV-3319-JAM-CMK-P

    Plaintiff,

  vs.	ORDER

BAKER,

    Defendant.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following: (1) plaintiff's amended motion to compel further discovery responses (Doc. 39); (2) plaintiff's motion to amend the scheduling order (Doc. 46); (3) plaintiff's motion for a continuance to allow additional discovery under Federal Rule of Civil Procedure 56(d) (Doc. 47); and (4) plaintiff's motion for an extension of time (Doc. 49).

/ / /

/ / /

/ / /

/ / /

1

Doc. 39 – Plaintiff's amended motion to compel.  Plaintiff argues that defendant's responses to his discovery requests are "absolutely unsatisfactory."  At issue are defendant's responses to plaintiff's request for production, interrogatories, and request for admissions.

In his request for production, plaintiff sought: (1) a complete copy of defendant's "citizen complaint file" from 2008 through 2012; and (2) a complete copy of defendant's "internal affairs file" from 2008 through 2012.  Defendant's states that, while some material was withheld, other material was produced in response.  Further, as to material withheld, defendant provided a privilege log – a point plaintiff fails to mention in his motion.  Finally, as to defendant's internal affairs file from 2008 through 2012, defendant responded that no such documents existed for that timeframe.  Because plaintiff's motion does not contain any argument as to why defendant's responses should be deemed inadequate, defendant need not provide further responses.

As to interrogatories, plaintiff challenges defendant's answers to interrogatory nos. 7 and 10.  In these interrogatories, plaintiff sought identification of any individuals in possession, custody, or control of defendant's citizen's complaint and internal affairs files.  Defendant objected on relevance grounds.  Defendant also responded indicating that, as to defendant's citizen's complaint file, the request is moot because all relevant non-privileged documents were produced.  As to his internal affairs file, defendant responded that, because no documents existed for the relevant timeframe, no one could be in possession, custody, or control of those documents.  Again, plaintiff has not articulated any reasons why the court should conclude that defendant's responses are inadequate.

Finally, as to his request for admissions, plaintiff challenges defendant's response to request no. 1 in which plaintiff asks defendant to admit that he is named as a defendant in a lawsuit filed by another inmate, Bernard L. Smith.  Here, defendants appropriately objected that any such information was a matter of public record equally available to plaintiff.

For these reasons, plaintiff's amended motion to compel will be denied.

Doc. 46 – Plaintiff's motion to amend the scheduling order. Plaintiff seeks additional time to file a dispositive motion because, as of the scheduled dispositive motion filing deadline, his amended motion to compel was still pending. As discussed above, plaintiff is not entitled to further responses to his discovery requests. For this reason, the court sees no basis for an extension of the schedule for this case to allow plaintiff time to file his own motion for summary judgment based on information he has had available to him since immediately after defendant initially responses to plaintiff's discovery requests. Further, the docket reflects that plaintiff has filed an opposition to defendant's pending motion for summary judgment. Thus, the parties' arguments on the pre-trial merits of this case are sufficiently before the court.[1]

Doc. 47 – Plaintiff seeks a continuance of defendant's motion for summary judgment to allow for additional discovery. Plaintiff argues that, absent further responses ordered by the court incident to his motion to compel (discussed above), he cannot prepare an opposition to defendant's motion for summary judgment. Defendant persuasively argues that, because plaintiff is not entitled to further responses, he fails to meet the showing required under Rule 56(d) for a continuance. The court also observes that plaintiff's motion is moot because plaintiff filed an opposition to defendant's motion for summary judgment.

Doc. 49 – Plaintiff's motion for an extension of time to file an opposition to defendant's motion for summary judgment. This motion is moot because plaintiff filed an opposition to defendant's motion for summary judgment.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Defendant's motion for summary judgment, and plaintiff's opposition thereto, will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended motion to compel (Doc. 39) is denied;
2. Plaintiff's motion to amend the scheduling order (Doc. 46) is denied;
3. Plaintiff's motion for a continuance to allow additional discovery (Doc. 47) is denied; and
4. Plaintiff's motion for an extension of time (Doc. 49) to file an opposition to defendant's motion for summary judgment is denied as moot.

DATED: February 24, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE