IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE HANEY,  No. 2:10-CV-3319-JAM-CMK-P

    Plaintiff,

  vs.  ORDER

BAKER,

    Defendant.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to disqualify the undersigned (Doc. 54).

Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See

1

Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

In his motion, plaintiff argues that the undersigned's bias against him is apparent because a number of motions are pending.  As plaintiff correctly notes, a number of motions are indeed pending on the court's docket for this matter.[1]  As plaintiff also notes, one such motion is defendant's motion for summary judgment.  Thus, the pendency of motions reflects no more than this court's crowded prisoner civil rights caseload.  Given that both parties to this case are awaiting decisions on pending motions, the court cannot see how this fact shows any sort of bias against plaintiff, let alone a bias stemming from some extrajudicial source.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to disqualify (Doc. 54) is denied.

DATED:  February 24, 2014

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] All pending motions are addressed by separate order and findings and recommendations.

2